**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


ERIC URIAH CLARK,
           Appellant,

      v.

DEPARTMENT OF DEFENSE,
           Agency.

DOCKET NUMBER
PH-3330-16-0355-I-1

DATE:  January 15, 2025


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]


Eric Uriah Clark, Waldorf, Maryland, pro se.

Kevin Greenfield and Lundi M. Shafiei, Esquire, Washington, D.C.,
    for the agency.


**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member


**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review. However, we VACATE the initial decision's findings that the doctrine of collateral estoppel bars the appellant's claim under the Veterans Employment Opportunities Act of 1998 (VEOA) and instead DENY the appellant's request for corrective action under VEOA on the basis that he failed to meet the time limit for filing a complaint with the Department of Labor (DOL) set forth at 5 U.S.C. § 3330a(a)(2)(A). We FORWARD the appellant's potential individual right of action (IRA) and Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claims to the Northeastern Regional Office for further adjudication in accordance with this Final Order.

## BACKGROUND

On June 13, 2016, the appellant filed a Board appeal challenging his August 2012 removal from a Personnel Security Specialist position with the agency. *Clark v. Department of Defense*, MSPB Docket No. PH-3330-16-0355-I-1, Initial Appeal File (IAF), Tab 1 at 1, 7. The appellant asserted that the agency removed him in violation of his veterans' preference rights and in retaliation for whistleblowing activity. *Id.* at 2. The administrative judge issued a jurisdictional order informing the appellant of what he had to show to establish Board jurisdiction over his VEOA appeal, including the statutory deadlines for filing a complaint with DOL. IAF, Tab 2 at 2-3. The appellant responded by

requesting a hearing on the merits of his appeal and attaching documents from DOL and the Office of Special Counsel (OSC). IAF, Tab 6, Tab 7, Initial Decision (ID) at 5.[2]

In an initial decision based on the written record, the administrative judge dismissed the appeal. ID. She found that, although the appellant previously had appealed his chapter 43 removal, that appeal was dismissed as untimely filed with no good cause shown for the untimeliness, and that decision became the final decision of the Board on his removal on January 2, 2013, when the appellant did not file a petition for review. ID at 2; *Clark v. Department of the Air Force*, MSPB Docket No. PH-0432-13-0033-I-1, Initial Decision (Nov. 28, 2012) (0033 ID). The administrative judge also found that the appellant filed an equal employment opportunity (EEO) complaint with the agency on March 7, 2016, challenging his removal and several nonselections based on negative information contained in his personnel file. ID at 2. By final agency decision dated May 13, 2016, the agency dismissed the appellant's claim regarding his removal because he had elected to appeal his removal to the Board and dismissed the remaining claims as untimely filed. ID at 2; IAF, Tab 1 at 7-9.

Regarding the appellant's VEOA claim, the administrative judge found that the appellant could have asserted a violation of VEOA as a defense in the prior appeal of his removal, but that he did not. ID at 3. The administrative judge also found the appellant's VEOA complaint was not timely filed with DOL and that there was no basis to warrant equitable tolling of the statutory filing deadline. ID at 3-4. The administrative judge further found that, because the appellant did not timely file his previous removal appeal or establish good cause for his failure to

---

[2] Due to an administrative error during the conversion of this paper appeal record to an electronic case file, the Board cannot locate pages 6 through 14 of Tab 6 in the Initial Appeal File. The Office of the Clerk of the Board twice issued a notice to the parties directing resubmission of the referenced documents. Petition for Review (PFR) File, Tabs 11-12. The agency indicated in response that it does not possess the referenced documents. PFR File, Tab 13. The appellant did not respond to the notices.

do so, collateral estoppel applies, and the appellant cannot now assert a VEOA claim in an effort to relitigate the prior untimely appeal of his removal. ID at 4.

Finally, although the appellant submitted documents attempting to show that he had filed a complaint with OSC, the administrative judge found that the documents show only that he may have initiated the complaint process, but he failed to provide any evidence that he had received a letter from OSC terminating its investigation. ID at 5. Because 120 days had not yet elapsed since the appellant's OSC filing, the administrative judge found that, to the extent the appellant was attempting to file an IRA appeal, his appeal was premature. ID at 5-6. Thus, the administrative judge dismissed the appeal. ID at 6.

The appellant has filed a petition for review.[3] Petition for Review (PFR) File, Tab 7. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred when dismissing the appellant's VEOA claim as barred by the doctrine of collateral estoppel.</u>

Generally, for the Board to adjudicate a VEOA claim on the merits, an appellant must, inter alia, prove by preponderant evidence[4] that he exhausted his remedy with DOL. *Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 5 (2016). To do so, an appellant must file a complaint with the Secretary of Labor "within

---

[3] The appellant filed his petition for review—at most—29 minutes late. PFR File, Tab 7. In the sworn declaration of the appellant, who is pro se, he states that he began sending the petition for review electronically prior to the filing deadline but encountered technical difficulties and was logged off the system. PFR File, Tab 9. Given the appellant's attempt to file before the deadline, the minimal delay, and that the agency has not alleged any prejudice from the delay, we find that the appellant has shown good cause for the untimely filing. *See Social Security Administration v. Price*, 94 M.S.P.R. 337, ¶ 7 (2003) (finding that the agency exercised due diligence and showed good cause for filing a petition for review 34 minutes late when its attorney began sending the petition prior to the filing deadline but experienced technical problems), *aff'd*, 398 F.3d 1322 (Fed. Cir. 2005).

[4] Preponderant evidence is defined as, the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A). This 60-day time limit is not a jurisdictional requirement and thus is subject to equitable tolling if the circumstances warrant. *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 12 (2009). Equitable tolling is a rare remedy that is to be applied sparingly and generally requires a showing that the litigant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 10 (2014). We find that the administrative judge should have solely analyzed the appellant's VEOA claim against this framework. She committed an error by instead applying collateral estoppel as a result of the appellant's untimely chapter 43 removal appeal previously filed with the Board.

Collateral estoppel, or issue preclusion, precludes a party from relitigating an issue when the following criteria are met: (1) the issue is identical to one in a prior action; (2) the issue was actually litigated in the prior action; (3) the previous determination of that issue was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005). For the following reasons, collateral estoppel does not apply to the instant appeal as the administrative judge incorrectly held in the initial decision. ID at 3-4.

First, the sole issue in the appellant's prior appeal was whether he timely filed his chapter 43 removal appeal with the Board, and if not, whether good cause existed to waive the missed deadline. 0033 ID at 1-5. In this instant appeal, the issue regarding the appellant's VEOA claim is whether he timely filed his complaint with DOL as mandated by statute, and if not, does the evidence warrant the application of equitable tolling. The filing time limits, procedures, requirements, and basis for waiving or accepting late filings for removal appeals filed with the Board, compared to VEOA complaints filed with DOL, differ in

many respects.[5]  Next, in the appellant's previous removal appeal, the timeliness of the filing of his VEOA complaint with DOL was not adjudicated, as he never raised such a claim.[6]  *Id.*; ID at 3.  Lastly, the appellant did not have a full and fair opportunity to adjudicate the timeliness of his VEOA complaint filing with DOL in his previous Board appeal, as he was never apprised of his burden and given an opportunity to brief the issue.  Thus, we vacate the administrative judge's findings that the appellant's VEOA claim was barred before the Board by the doctrine of collateral estoppel.  *See Matosian v. Department of the Air Force*, 56 M.S.P.R. 689, 694 (1993) (holding that the administrative judge erred in applying collateral estoppel to preclude the appellant's claim, as the issues were not identical and required different standards of proof).[7]

<u>The appellant's request for corrective action under VEOA is denied because he failed to meet the statutory time limit for filing a complaint with DOL.</u>

We must now, using the framework outlined above, examine whether the appellant's VEOA claim is properly before the Board.  Here, the undisputed evidence of record shows that the administrative judge apprised the appellant of his exhaustion requirement with DOL, IAF, Tab 2 at 2, and that the appellant filed his complaint with DOL in October 2016, PFR File, Tab 7 at 9.  This was

---

[5] For example, a removal appeal generally must be filed with the Board within 30 days of the effective date of the action or receipt of the decision notice (whichever is later), the filing period is regulatory in nature, and the filing period may be waived upon a showing of good cause.  5 C.F.R. § 1201.22(b)(1), (c).  The time limit to file a VEOA complaint with DOL derives from statute, a complaint must be filed within 60 days of the alleged violation, and the filing time limit is subject to equitable tolling.  5 U.S.C. § 3330a(a)(2)(A); *Garcia*, 110 M.S.P.R. 371, ¶ 12.

[6] The appellant failing to raise a VEOA claim in his previous removal appeal before the Board is irrelevant to our findings herein, as a dismissal of an appeal for failing to meet a regulatory time limit is not entitled to a res judicata effect because it is not a decision on the merits.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 340 (1995).

[7] The administrative judge also erred in holding that the dismissal of the appellant's previous removal appeal as untimely filed was a jurisdictional decision.  ID at 4; *see Kloeckner v. Solis*, 568 U.S. 41, 48-49 (2012) (recognizing that Board dismissals of removal appeals as untimely filed is a decision on procedural grounds).

well beyond the 60-day statutory deadline of the alleged VEOA violation, as it was more than 4 years after the agency removed the appellant.[8]   5 U.S.C. § 3330a(a)(2)(A); IAF, Tab 3 at 13.   To the extent that the appellant is raising nonselections as part of his VEOA claim, the result is the same, as the alleged nonselections occurred in 2014 through February 2016.[9]   IAF, Tab 1 at 7-8. Further, there has been no argument proffered by the appellant, nor is there evidence in the record, in support of equitable tolling applying.   Therefore, we deny the appellant's request for corrective action under VEOA on the basis that he failed to meet the time limit for filing a complaint with DOL set forth at 5 U.S.C. § 3330a(a)(2)(A).   *See Garcia*, 110 M.S.P.R. 371, ¶ 13 (denying an appellant's request for corrective action under VEOA without a hearing because he did not meet the requirement of filing a complaint with DOL pursuant to 5 U.S.C. § 3330a(a)(2)(A)).[10]

---

[8] The fact that DOL categorized the appellant's complaint as a claim under USERRA does not change our analysis or findings on the VEOA claim.  PFR File, Tab 7 at 9.

[9] The administrative judge appeared to reach this same conclusion regarding the nonselections.  ID at 5.

[10] On review, the appellant appears to challenge the merits of the underlying removal action and disputes documentation contained in his personnel file concerning the length of his probationary period.  PFR File, Tab 7 at 5.  We need not address these arguments as they are irrelevant to the threshold issue of whether the appellant timely filed his VEOA complaint with DOL and whether equitable tolling applies.  The appellant also attaches documents to his petition for review concerning his EEO complaint and raises issues with the EEO investigatory and alternative dispute resolution processes.  *Id*. at 5, 10-26.  However, these documents also include a September 1, 2016 decision from the Equal Employment Opportunity Commission (EEOC) Office of Federal Operations (OFO) that affirms the final agency decision that dismissed his removal claim because he elected to appeal his removal to the Board and dismissed his remaining claims as untimely filed.  *Id*. at 21-26.  To the extent the appellant may be challenging OFO's decision dismissing his removal claim because he elected to appeal his removal to the Board, the Board lacks jurisdiction to review this claim.  *See Peartree*, 66 M.S.P.R. at 341-42 (finding that an employee may not file a Board appeal under 5 C.F.R. § 1201.154(b), upon exhausting the agency's EEO procedure, if she previously had made a valid election of the direct Board procedure).  To the extent the appellant may be challenging OFO's decision to dismiss his nonselection claims, the Board defers to a final EEOC decision finding a complaint untimely filed.  *See McCoy v. U.S. Postal Service*, 108 M.S.P.R. 160, ¶ 11 (2008).

<u>We forward the appellant's petition for review to the regional office for docketing as an IRA appeal.[11]</u>

The appellant has attached new evidence to his petition showing that he has filed a complaint with OSC, and he appears to renew his assertion that his removal was in retaliation for whistleblowing. PFR File, Tab 7 at 7-9, 20. However, the appellant has not shown error in the administrative judge's finding that the Board lacked jurisdiction over the appeal when he first filed it because he had not received notice from OSC that it had terminated its investigation into his complaint and 120 days had not yet expired since he filed his complaint. *See* 5 U.S.C. § 1214(a)(3); *Jundt v Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 6 (2010).

Nevertheless, the Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board. *See, e.g.*, *Jundt*, 113 M.S.P.R. 688, ¶ 7. The undisputed evidence shows that the appellant filed a complaint with OSC no later than October 19, 2016. PFR File, Tab 7 at 7, 20. Because 120 days have passed since that date, we find that the appellant has exhausted his administrative remedies before OSC and that his appeal is now ripe for adjudication. We therefore forward the appellant's petition for review to the regional office for docketing as an IRA appeal. *See Jundt*, 113 M.S.P.R. 688, ¶ 7. This IRA appeal will be deemed filed on November 19, 2016—the date that the appellant filed his petition for review. *See Story v. Department of the Air Force*, 55 M.S.P.R. 222, 226 (1992) (deeming a whistleblower claim filed as of the date of the initial misdirected filing with Board Headquarters).

---

[11] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

<u>We forward the appellant's petition for review to the regional office for docketing as a USERRA appeal.</u>

The appellant also attached new evidence indicating that he has filed a USERRA complaint with DOL. PFR File, Tab 7 at 7-9. Because it appears that the appellant is now attempting to raise a claim of uniformed service discrimination before the Board under 38 U.S.C. § 4324, we forward his petition for review to the regional office for docketing as a USERRA appeal. This USERRA appeal will be deemed filed on November 19, 2016—the date that the appellant filed his petition for review.

An appellant may either file a USERRA complaint with the Secretary of Labor pursuant to 38 U.S.C. § 4322 or file an appeal directly with the Board pursuant to 38 U.S.C. § 4324(b). *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 8 (2012). If an appellant first files a USERRA complaint with the Secretary of Labor, he may not file a USERRA appeal with the Board until the Secretary notifies the appellant that he was unable to resolve the complaint. *Id.* USERRA does not provide for exhaustion of the complaint before DOL as a matter of time; it instead requires notification that the Secretary of Labor's efforts did not resolve the complaint. *Id.* Here, we have found no evidence indicating that the appellant previously raised a USERRA claim before the Board. Thus, under 38 U.S.C. § 4324(b)(2), the appellant may not appeal to the Board until he receives the required notification from DOL. *See id.* Because it is unclear whether the Secretary of Labor has notified the appellant that he was unable to resolve his complaint, we are unable to determine whether the USERRA claim is ripe for adjudication. Therefore, the administrative judge should address this issue in the first instance and provide the parties the opportunity to present evidence and argument regarding the Board's jurisdiction under that statute. If jurisdiction is established, then the administrative judge shall decide the USERRA appeal on the merits.

**NOTICE OF APPEAL RIGHTS**[12]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
*Gina K. Grippando*
Gina K. Grippando
Clerk of the Board

Washington, D.C.